**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

GORDON G. CARTER,    :

   Plaintiff,      :

vs.          :   CA 08-0526-KD-C

MICHAEL J. ASTRUE,    :
Commissioner of Social Security,
           :
   Defendant.

## <u>REPORT AND RECOMMENDATION</u>

The Commissioner has moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of this cause for further proceedings. (Doc. 15) The Commissioner proposes a remand for further administrative proceedings with specific instructions that the Appeals Council "refer the case to an Administrative Law Judge for a de novo hearing." (*Id*. at 2) A remand for a de novo hearing is necessary because a portion of the administrative hearing tape is blank and, therefore, cannot be reproduced for purposes of this record.

The motion to remand reveals that counsel for the defendant, Robert L. Van Saghi, Esquire, notified plaintiff's counsel, Marilyn H. Macey, Esquire, of the contents of the motion and was advised by plaintiff's counsel that the

plaintiff would interpose no objection to the motion to remand.  (*See id*. at 2)

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" the Magistrate Judge recommends that this cause be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.[1]

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation

---

[1]     Oral argument in this cause, presently scheduled for March 23, 2009, at 1:00 p.m. in Selma, Alabama (Doc. 14), is hereby **CANCELLED**.

of the Magistrate Judge.

**DONE** this the 17th day of February, 2009.

 s/WILLIAM E. CASSADY                 
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE